Scurlock *v.* Scurlock.

SCURLOCK *v.* SCURLOCK.

(*Jackson.* May 25, 1893.)

INJUNCTION. *Of decree for alimony.*

The wife obtained decree for divorce *a mensa et thoro* and alimony. Subsequently the husband obtained, in a new suit, an absolute divorce, upon the ground that the wife had another living husband at the time of her marriage. The Chancellor refused, however, to enjoin the wife's decree for alimony entered in first case.

*Held:* This was error. The decree for alimony should be perpetually enjoined.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

J. E. BIGELOW and B. F. BOOTH for Complainant.

MORGAN & McFARLAND and A. H. DOUGLASS for Defendants.

WILKES, J. On the twelfth of August, 1881, Virginia Scurlock filed a bill for divorce from Robert Scurlock, the complainant in the present suit, in the Circuit Court of Shelby County, and,

on the hearing on the twenty-third of September, 1882, a decree was entered, granting her a divorce *a mensa et thoro*, and also granting her alimony pending the separation, and a reference was ordered to report what would be a proper allowance for such alimony.

Subsequently, the Clerk reported that five dollars per month would be a proper and fair allowance, and this was by the Court confirmed. The cause was retained in Court, and other proceedings were had from time to time, until the fourth of June, 1888, when the Clerk again reported that the alimony at that time in arrears amounted to $265, and for this sum judgment was rendered. Upon this judgment various payments were made, amounting, in the aggregate, to $170.

On the fifth of January, 1888, Virginia filed a supplemental bill or petition in the cause, asking for an absolute divorce, and for a permanent allowance for alimony, and on this supplemental proceeding decree was rendered January 8, 1890, granting her an absolute divorce, and giving her judgment for $1,050 alimony, which amount was intended to include the amount then due on the original decrees, and an additional amount to cover attorneys' fees, etc.

Robert Scurlock thereupon filed in said Court a petition for writs of error *coram nobis* to set aside the decree and proceedings under the supplemental bill, upon the ground that he had no notice of the same; and on the hearing the Court granted

him the relief asked, and vacated the judgment for absolute divorce, and for the $1,050.

On May 3, 1890, Virginia filed a second supplemental bill, asking again for absolute divorce, upon the ground that Robert had continued to stay away from her, and there was no probability. of any restoration of the marital relation.

The Circuit Court refused her the relief asked, upon the ground that the continued absence of the husband was caused by the decree of separation, and not by his own volition. Whereupon, Virginia appealed to this Court, and at the April term, 1891, this Court affirmed the decree of the Court below, and did not remand the cause for any further proceeding.

In June, 1891, Virginia, by her attorney, again appeared in the Court below and renewed the reference as to the amount then due her under the original proceeding, and the Clerk made report, and upon it a decree was rendered December 8, 1891, for $367.48, arrears of alimony at that date.

It is to enjoin this judgment and have it vacated that the present bill is filed, and it also prays for absolute divorce upon the part of Robert, upon the ground that Virginia never was his wife, but was the wife of another man at the time she entered into the marital relation with him; and upon the hearing, the Chancellor granted to Robert a decree for absolute divorce upon the ground alleged and proven, but declined to enjoin the col-

lection of the judgment for $367.48, which had previously been rendered by the Circuit Court of Shelby County in favor of Virginia.

No appeal was prayed by Virginia from the decree against her, granting the absolute divorce upon the ground stated, that she never was the wife of Robert, but Robert appealed from that part of the decree refusing to enjoin the Circuit Court judgment, and assigns the refusal as error.

Inasmuch as it clearly appears from the proof, and is conceded by the failure to appeal from the decree of the Court below granting the divorce, that Virginia never was the wife of Robert, but, at the time of her alleged marriage to him, she was the wife of another man, it would now be clearly inequitable and unjust to allow her to enforce this judgment for alimony. Having never sustained the legal relation of wife, she could not be entitled to any alimony based upon and growing out of that relation; and, under the facts as found in the present proceedings, she would not be entitled to any relief as against the present complainant, Robert.

It would be clearly against equity and good conscience to allow this judgment now to be enforced, and the jurisdiction of the Chancery Court and of this Court to enjoin its collection is well sustained by the authorities. 2 Pomeroy's Equity Jurisprudence, Sec. 1360; Gibson's Suits in Equity, Sec. 796; 1 Story's Equity Jurisprudence, Sec. 887.

The decree of the Chancellor refusing relief as

Scurlock *v.* Scurlock.

against this judgment in the Circuit Court of Shelby County for $367.48, of date December 8, 1891, is reversed; and said judgment is perpetually enjoined, as well as all other proceedings in said original cause of *Virginia Scurlock* v. *Robert Scurlock.*

The costs of this cause will be paid by Robert Scurlock, including the costs of this Court and of the Court below.